UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Manuel Fernandez
and other similarly situated
individuals,

    Plaintiff(s),

v.

RB & DC Solutions, LLC,
Raydel Ballester and
Daniely Carvajal, indiviudally

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Manuel Fernandez and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants RB & DC Solutions, LLC, Raydel Ballester, and Daniely Carvajal, individually and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Manuel Fernandez is a resident of Hallandale Beach, Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant RB & DC Solutions, LLC (from now on, RB & DC Solutions, or Defendant) is a Florida corporation registered to do business in Florida. Defendant has a place of business in Broward County within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Raydel Ballester and Daniely Carvajal, were and are now the owners/partners and operators of RB & DC Solutions. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint occurred in Broward County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Manuel Fernandez as a collective action to recover from Defendant half-time overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being adequately compensated.

7. The employer RB & DC Solutions was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides courier services to medical offices and laboratories. Defendant has more than two employees directly and recurrently engaged in

interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, and transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant is more than $500,000 per annum. Therefore, there is enterprise coverage.

8. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a local delivery driver and warehouse employee. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by receiving, shipping, handling, and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

9. Defendant RB & DC Solutions employed Plaintiff Manuel Fernandez as a non-exempted, full-time employee approximately from March 14, 2022, to September 10, 2022, or 26 weeks.

10. Plaintiff had duties as a delivery driver, picking up and delivering laboratory samples. To perform his work, Plaintiff drove a company vehicle. Plaintiff was paid a salary of $700.00 weekly.

11. During his employment with Defendant, Plaintiff worked weeks of five and six days. In weeks of five days, Plaintiff had a regular mandatory schedule, he worked from Monday to Friday from 10:00 AM to 8:00 PM (10 hours each day. Plaintiff worked a total of 50 hours weekly. Twice per month, Plaintiff worked six days, Plaintiff maintained the same schedule, but he worked on Saturdays from 10:00 AM to 8:00 PM (10 hours). Plaintiff worked a total of 60 hours weekly.

12. Thus, during his employment with Defendants, Plaintiff worked 13 weeks with 50 working hours and 13 weeks with 60 working hours weekly.

13. Plaintiff was paid his weekly salary of $700.00 regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

14. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with checks, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, etc.

17. Plaintiff disagreed with the lack of payment for overtime hours, and he complained to Daniely Carvajal, the owner of the business, many times, but he never received the requested overtime pay.

18. On or about September 09, 2022, Mrs. Daniely Carvajal requested Plaintiff to work more overtime hours. Plaintiff objected and told Mrs. Carvajal that he was working overtime hours already and he was not receiving compensation for overtime hours. Mrs. Carvajal got very upset and told Plaintiff that he had to work overtime hours without O/T payment.

19. On or about September 10, 2022, while Plaintiff was working, he was fired by Raydel Ballester because he complained about overtime payment with Mrs. Daniely Carvajal.

20. On or about September 10, 2022, Defendants fired Plaintiff due to his complaints about overtime payment. At the moment of his termination, Defendants did not pay Plaintiff his last two weeks of work.

21. The individual Defendants, Raydel Ballester and Daniely Carbajal were and are now the owners/partners and operators of RB & DC Solutions. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

22. Plaintiff Manuel Fernandez seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law

23. Plaintiff Manuel Fernandez is not in possession of time and payment records, but he will provide a good-faith estimate about the unpaid overtime wages.

Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular and overtime hours worked at the rate of time and one-half his regular rate.

26. This action is intended to include every delivery driver and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

<b><u>COUNT I:</u></b>
<b><u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u></b>
<b><u>FAILURE TO PAY OVERTIME</u></b>

27. Plaintiff Manuel Fernandez re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiff Manuel Fernandez and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

29. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal employed Plaintiff Manuel Fernandez as a non-exempted, full-time employee approximately from March 14, 2022, to September 10, 2022, or 26 weeks.

30. Plaintiff had duties as a delivery driver, picking up and delivering laboratory samples. To perform his work, Plaintiff drove a company vehicle. Plaintiff was paid a salary of $700.00 weekly.

31. During his employment with Defendant, Plaintiff worked weeks of five and six days. Plaintiff worked 13 weeks with 50 working hours and 13 weeks with 60 working hours weekly.

32. Plaintiff was paid his weekly salary of $700.00 regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

33. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid bi-weekly with checks, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, etc.

36. Plaintiff disagreed with his working conditions, and he complained multiple times, as a result, he was fired on or about September 10, 2022.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Two Thousand Four Hundred Twenty-Eight Dollars and 40/100 ($2,428.40)

b. <u>Calculation of such wages</u>:

Total period of employment: 26 weeks
Relevant weeks of employment: 26 weeks
Salary: $700.00 weekly.

**1.- Overtime for 13 weeks with 5 days / 50 hours weekly**

Total number of days worked: 5 days weekly
Total hours worked: 50 hours weekly
Total unpaid O/T hours: 10 overtime hours
Salary: $700.00: 50 hours=$14.00 an hour
Regular rate: $14.00 x 1.5=$21.00 O/T rate-$14.00 rate paid=$7.00
Half-time O/T rate= $7.00

$7.00 x 10 O/T hours=$70.00 weekly x 13 weeks=$910.00

**2.- Overtime for 13 weeks with 6 days / 60 hours weekly**

Total number of days worked: 6 days weekly
Total hours worked: 60 hours weekly
Total unpaid O/T hours: 20 overtime hours
Salary: $700.00: 60 hours=$11.67 an hour
Regular rate: $11.67 x 1.5=$17.51 O/T rate-$11.67 rate paid=$5.84
Half-time O/T rate= $5.84

$5.84 x 20 O/T hours=$116.80 weekly x 13 weeks=$1,518.40

Total #1 and #2: $2,428.40

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

41. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Manuel Fernandez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Manuel Fernandez and other similarly situated individuals and against Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Manuel Fernandez actual damages, in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Manuel Fernandez demands a trial by a jury of all issues triable as a right by a jury.

### COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

45. Plaintiff Manuel Fernandez re-adopts every factual allegation as stated in paragraphs 1-26 of this Complaint as if set out in full herein.

46. This action is brought by Plaintiff Manuel Fernandez and those similarly situated to recover from the Employers RB & DC Solutions, Raydel Ballester, and Daniely Carvajal unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

47. Defendant RB & DC Solutions was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

48. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal employed Plaintiff Manuel Fernandez as a non-exempted, full-time employee approximately from March 14, 2022, to September 10, 2022, or 26 weeks.

51. Plaintiff had duties as a delivery driver, picking up and delivering laboratory samples. To perform his work, Plaintiff drove a company vehicle. Plaintiff was paid a salary of $700.00 weekly.

52. During his employment with Defendant, Plaintiff worked weeks of five and six days. Plaintiff worked 13 weeks with 50 working hours and 13 weeks with 60 working hours weekly.

53. Plaintiff was paid his weekly salary of $700.00 regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

54. Plaintiff was paid bi-weekly with checks, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, etc.

55. Plaintiff disagreed with his working conditions, and he complained multiple times. As a result, he was fired on or about September 10, 2022.

56. At the time of his firing, Defendants did not pay Plaintiff his last two weeks of employment.

57. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

58. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

59. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

60. The records, if any, concerning the number of hours worked by Plaintiff Manuel Fernandez and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Seven Hundred Dollars and 00/100 ($700.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 26 weeks
        Relevant weeks of employment: 2 week
        Total number of hours worked:  40 hours
        Total number of unpaid hours: 40 hours
        Florida Min. wage rate 2022: $10.00

        **1.- Minimum wages for one week of 40 hours**

$10.00 x 40 hours= $400.00

**2.- Minimum wages for one week with 30 hours**

$10.00 x 30 hours=$300.00

c. Nature of wages:

This amount represents unpaid minimum wages at the Florida min. wage rate

62. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remain owing him back wages. Defendants knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of unpaid minimum wages as required by the Fair Labor Standards Act. Defendants knew about Plaintiff's work schedule and the number of hours worked.

63. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation and an amount equal to the unpaid minimum wages as liquidated damages.

64. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Manuel Fernandez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Manuel Fernandez and against the Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Manuel Fernandez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3)**

66. Plaintiff Manuel Fernandez re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

67. Defendant RB & DC Solutions' business activities involve those to which the Fair Labor Standards Act applies.

68. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal employed Plaintiff Manuel Fernandez as a non-exempted, full-time employee approximately from March 14, 2022, to September 10, 2022, or 26 weeks.

72. Plaintiff had duties as a delivery driver, picking up and delivering laboratory samples. To perform his work, Plaintiff drove a company vehicle. Plaintiff was paid a salary of $700.00 weekly.

73. During his employment with Defendant, Plaintiff worked weeks of five and six days. Plaintiff worked 13 weeks with 50 working hours and 13 weeks with 60 working hours weekly.

74. Plaintiff was paid his weekly salary of $700.00 regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

75. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendant could track the number of hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. Plaintiff was paid bi-weekly with checks, without paystubs providing basic information such as the number of days and hours worked, wage rate paid, etc.

78. Plaintiff disagreed with his working conditions, and he complained multiple times. Plaintiff complained to the owner of the business Mrs. Daniely Carvajal a minimum of five times within his last three months of employment.

79. These complaints constituted protected activity under the FLSA.

80. On or about September 09, 2022, Mrs. Daniely Carvajal required Plaintiff to work more overtime hours, Plaintiff requested to be paid for overtime hours one more time.

81. However, as a direct result of Plaintiff's complaints, the next day, September 10, 2022, Defendant Raydel Ballester fired Plaintiff due to his last request for overtime payment.

82. At the time of his firing, Defendants did not pay Plaintiff his last two weeks of employment.

83. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

84. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1)..

85. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

86. There is proximity between Plaintiff's protected activity and his termination.

87. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

88. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

89. Plaintiff Manuel Fernandez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Manuel Fernandez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal that Plaintiff Manuel Fernandez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants RB & DC Solutions, Raydel Ballester, and Daniely Carvajal to make Plaintiff whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Manuel Fernandez further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Manuel Fernandez demands a trial by a jury of all issues triable as a right by a jury.

Dated:  November 28, 2022

                                              Respectfully submitted,

                                              By:  **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile:  (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*