UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-62228-RKA

MANUEL FERNANDEZ,

    Plaintiff,

vs.

RB & DC SOLUTIONS, LLC,
RAYDEL BALLESTER and
DANIELY CARVAJAL, individually,

    Defendants.
_____/

**JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

The parties, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1.    Plaintiff's complaint alleges Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by not paying him alleged unpaid minimum wages and overtime compensation. Defendants vigorously deny any wrongdoing under the FLSA, and further deny Plaintiff is entitled to any relief whatsoever. The parties agree there is a bona fide, good faith dispute as to both liability and damages on Plaintiff's claims.

2.    To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with

1

prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3. All parties are represented by counsel in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length settlement of Plaintiff's claims. In the furtherance of resolving Plaintiff's claims, the parties exchanged time and pay records and performed their own analysis of such records in arriving at the settlement ultimately reached.

4. As a result, Plaintiff and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Exhibit "A."

5. The parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiff's attorneys' fees and costs, as negotiated by the parties and as stated in the Settlement Agreement. Plaintiff represents, and Defendant agrees, that the allocation of attorneys' fees and costs reflected in the Settlement Agreement is reasonable. Furthermore, the parties represent that the amount of the settlement allocated to attorneys' fees and costs was negotiated separately and without regard to the Plaintiff's underlying claim for unpaid overtime.

6. The parties stipulate they had a bona fide dispute and are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiff's claims involve disputed issues.

7. The parties agreed to the terms of the settlement after conferring with their respective attorneys.

8. Counsel for both parties represent that this settlement was an arms-length compromise with no collusion with regard to the settlement of this matter.

9. Counsel for both parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorneys' fees.

10. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

11. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

12. All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

WHEREFORE, the parties jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted on February 8, 2022.

| | |
|---|---|
| ***/s/ Zando E. Palma*** | ***/s/Alex B.C. Ershock*** |
| Zandro E. Palma, Esq. | Alex B.C. Ershock, Esq. |
| Fla. Bar No. 24031 | Fla. Bar No. 100220 |
| E-Mail: zep@thepalmalawgroup.com | E-Mail: ABE@PBL-Law.com |
| | Daniel R. Levine, Esq. |
| | Fla. Bar No. 0057861 |
| **LAW OFFICES OF ZANDRO E. PALMA, P.A.** | E-Mail: DRL@PBL-Law.com |
| 9100 S. Dadeland Blvd. | |
| Suite 1500 | **PADULA BENNARDO LEVINE, LLP** |
| Miami, FL 33156 | 3837 NW Boca Raton Blvd. |
| Telephone: (305) 446-1500 | Suite 200 |
| Facsimile: (305) 446-1502 | Boca Raton, FL 33431 |
| *Counsel for Plaintiff* | Telephone: (561) 544-8900 |
| | *Counsel for Defendant* |